A91A1048. CLAXTON MANUFACTURING COMPANY et al. v. HODGES.
(411 SE2d 109)

COOPER, Judge.

Appellee was injured in the course of her employment with Claxton Manufacturing Company ("Claxton"), who at the time was insured by American Mutual Liability Insurance Company ("American"). On April 14, 1987, the Administrative Law Judge ("ALJ") entered an award in favor of appellee, including an award of attorney fees pursuant to OCGA § 34-9-108 (b) (1) (2) (3). Approximately two years later, American was declared insolvent and the Georgia Insurers Insolvency Pool ("GIIP") resumed the disability payments to appellee, but did not continue paying the additional amount awarded as attorney fees. The ALJ subsequently conducted a hearing at the request of Claxton for the purpose of determining a change in condition. Claimant also requested another assessment of attorney fees. In an order dated February 27, 1990, the ALJ denied the claim for a change in condition and entered an award in favor of claimant and against Claxton, American and GIIP for attorney fees in the amount of $10,000. On March 8, 1990, the ALJ amended that order and directed that the employer was to recommence paying the attorney fees awarded in the April 14, 1987, order. On appeal to the full board, the ALJ's award was amended, deleting the February 27, 1990, $10,000 attorney fee award and directing that the employer, not GIIP, recommence payment of the assessed attorney fees awarded in the ALJ's April 14, 1987, order. The superior court remanded the case to the full board with the direction that American be added as a responsible party for the payment of attorney fees such that the employee could elect to collect the fees against either Claxton or American. We granted Claxton and GIIP's, appellants herein, discretionary appeal to determine the employer's liability for the attorney fees assessed by

the State Board of Workers' Compensation and affirmed by the superior court.

1. The substance of appellants' first enumeration of error is that the board's finding that Claxton was responsible for the attorney fees was contrary to law. Appellants argue that American processed the claim in an untimely manner, therefore, the award of attorney fees is only properly submitted to the liquidator of American.

Neither party argues that the award of attorney fees should be paid by GIIP. GIIP was created to provide a remedy for "covered claims" when the insurer has become insolvent. OCGA § 33-36-2. OCGA § 33-36-3 (2) (G) provides that "[a] covered claim shall not include any claim or judgment for punitive damages and attorney's fees associated therewith against any insolvent insurer, its insured, or the insurers insolvency pool." Although Claxton argues that the attorney fees were assessed because of the acts or omissions of American, the ALJ's order stated that attorney fees were assessed because the *"employer/insurer"* failed to pay benefits in a timely manner. Thus, the award of attorney fees was assessed against the employer and the insurer, and although the insurer is now insolvent and hence not a covered claim under OCGA § 33-36-3, we cannot conclude that the employer's responsibility to pay the award is thereby extinguished. Accordingly, we find no error with the board's decision that the award of attorney fees shall be paid by Claxton.

2. Appellants also contend that the trial court's remand of the case back to the board was erroneous because it was not based on one of the statutory grounds enumerated in OCGA § 34-9-105. The only entity relieved of any responsibility for paying the award of attorney fees was GIIP. Therefore, the board's award, which reflected that the employer was the only responsible party was contrary to law. Consequently, the superior court had the authority pursuant to OCGA § 34-9-105 (c) (5) to remand the case to the board to reflect that the award was collectible against either Claxton or American.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks*, for appellants.

*The Keenan Ashman Firm, Charles R. Ashman*, for appellee.